Emmet County v. Allen *et al.*

1. **Swamp Lands:** CONTRACT TO CONVEY FOR SERVICES IN PROCURING: STATUTORY PROHIBITION. Section 1, chapter 110, Laws of 1854–5, prohibiting the sale or disposition of swamp lands until the title thereto should be perfected in the state, did not render null an agreement by the plaintiff county to convey a portion of such lands to certain agents in payment for their services in securing and perfecting its title to such lands, nor a conveyance of lands, made in pursuance of such agreement after the title had been perfected in the county. (Compare *Allen v. Cerro Gordo County*, 34 Iowa, 54, and *Grimes v. Hamilton County*, 37 Iowa. 290.)

2. ———: ———: CONSIDERATION: SETTLEMENT. In such case, where some services were rendered, and the plaintiff and the agents had a settlement thereof, and the lands were conveyed in pursuance of such settlement, it cannot be said that the conveyances were void for want of a consideration.

*Appeal from Emmet District Court.*—HON. GEORGE H. CARR, Judge.

FILED, JANUARY 17, 1889.

·Action to quiet the title to certain lands, after a trial on the merits, plaintiff's petition was dismissed. It now appeals.

*John Jenswold, Jr.*, for appellant.

*Soper & Allen*, for appellees.

Beck, J.—I.   The lands in controversy are a part of the swamp lands of the county, which were granted by congress to the state, and by the state granted to the county.   See Miller's Code, p.   1106 *et seq.*, for the state legislation affecting the swamp lands.   In 1873 the plaintiff, to perfect and secure the title of the lands, entered into the following contract with the parties therein named:   "This agreement, made this eighteenth day of June, 1873, by the county of Emmet, in the state of Iowa, party of the first part, and Duncombe, O'Connell & Springer, of Fort Dodge, of the second part, witnesseth :   The first party hereby constitutes and appoints said second party · its agents, counsel, and attorneys in fact, to procure for said first party all money, lands, scrip and other property and rights inuring to said first party under the laws of congress, and of the state of Iowa, in relation to swamp and overflowed lands ; and to that end the second party is empowered to · appear for and in behalf of the first party, to defend its rights and interests aforesaid, in any tribunal, judicial or otherwise, in the United States, and to commence any suit or proceedings which in their judgment may be necessary.   The said second party is also authorized to settle and adjust all conflicting claims in respect to the several subjects aforesaid, at their discretion, subject to the approval of said first party ; and therein   the   first   party shall pay all costs and expenses,   except the personal expenses · of said second party.   The second party shall prosecute said claims with   all   reasonable   and   possible dispatch, and, as compensation in full for all services to

1. Swamp lands: contract to convey for services in procuring: statutory prohibition.

be rendered as aforesaid by the said second party, the said party of the first part hereby covenants and agrees to convey to said second part one undivided one-half of all the lands aforesaid, of which the first party shall become the owner, and such conveyance shall be made as soon as the title to said lands shall be vested in the party of the first part,—time being the essence of this stipulation ; and the first party also agrees, as a further part of said compensation, to deliver and pay over to said second party one-half of all the moneys, scrip, property and other proceeds inuring to said first party under the several laws aforesaid, as soon as the same is secured or vested in said first party,—time being also the essence of this contract. Nevertheless said second party has the absolute right of election, instead of taking compensation as aforesaid, to have and receive, as full compensation for the services to be rendered as aforesaid, fees equal to one-half of the true and actual cash value of all the lands, scrip, money and other proceeds inuring to the first party under the laws aforesaid, to be determined by arbitration. In case of the compromise of conflicting claims or litigation in respect to the property and moneys aforesaid, the compensation aforesaid shall be adjusted upon the basis of the amount received by the first party as such compromise. The parties hereto bind themselves to carry out and perform strictly the several stipulations of this contract, and that the second party shall report to the board of supervisors, when called upon by said board."

In 1881, Duncombe, O'Connell & Springer assigned the contract to defendant Allen. In April, 1882, the plaintiff conveyed the lands to Allen. The other defendants held under him. Plaintiff claims that the contract and deed for the lands were made without authority, and therefore passed no title to defendants. This claim and position of plaintiff is based upon a prohibition of section 1, chapter 110, Acts Fifth General Assembly, which is in this language : "That no swamp or overflowed lands granted to the state, and situate in the present unorganized counties, shall be sold or disposed

Emmet County v. Allen.

of till the title to said lands shall be perfected in the state; whereupon the titles to said lands shall be transferred to the said counties, where they are situated." It is proper here to remark that before the conveyance of the lands by the county the title therein had been perfected in the county.

II. We are to inquire and determine whether the statute just quoted operates as a prohibition, rendering null the contract above set out. Is that contract a sale or disposition of the lands, in the contemplation of the contract? We think not. The purpose of the instrument is to provide for securing and perfecting the title in the lands. It is a contract for the acquisition, and not for the sale or other disposition of the lands. The county had authority to make the contract for the purpose of acquiring and securing the property. Of this there can be no doubt. And it had the authority to provide that a part of the lands, when acquired, should be directed to the payment for the services rendered in acquiring the whole. *Allen v. Cerro Gordo County*, 34 Iowa, 54; *Grimes v. Hamilton County*, 37 Iowa, 290. This contract is neither a sale nor a disposition of the lands in any other manner. No title to the lands passed to the parties with whom the county contracted, and no lien attached to the land by virtue of the contract. The statute forbids the county to sell or dispose of the lands until the title is perfected. But this is not a prohibition of lawful acts looking to the perfecting of the title by the disposition of a part of the property when the whole is acquired. The contract in this case provides that when certain acts are done, and the title is thereby perfected, then will the county sell or dispose of a part of the lands in compensation of services in securing the whole upon the terms and conditions specified. In our opinion, the contract is not prohibited by the statute. When the lands were finally sold and conveyed to defendant, the title had been perfected, and the services contemplated by the contract had been rendered. The transaction was therefore not prohibited by the statute under consideration.

III.  It is insisted that the contract is without the support of consideration, inasmuch as no services were rendered or expenses incurred by the parties with whom the plaintiff contracted. But this position is not supported by the record. It is shown that there were some services rendered, and that the county and the other contracting parties had a settlement thereof, and the lands were conveyed in pursuance of such settlement. It thus clearly appears that there was service rendered which the parties regarded by this settlement as a sufficient consideration for the conveyance of the lands. We will not now inquire as to the adequacy of the consideration. It is sufficient for us to know that there was a consideration for the contract of sale. These views dispose of the controlling questions in the case. The decree of the district court dismissing plaintiff's petition is

